## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VICKI TEETOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. |
| | ) |
| ROCK-TENN SERVICES INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, and for her Complaint against Defendant Rock-Tenn Services Inc. (hereinafter "Rock-Tenn" or "Defendant"), states and alleges as follows:

### Nature of Case

1. Plaintiff worked for Defendant as a "Market Analyst," and was employed by Defendant for a ten-year period from March 2005 to March 2015. Plaintiff suffers from chronic obstructive pulmonary disease ("COPD"), asthma, emphysema and other related conditions. In addition, Plaintiff developed bronchitis in January of 2015. In February 2015, on the advice of her healthcare providers, Plaintiff informed Defendant that she needed to take time off due to her serious health condition, and requested leave from work pursuant to the Family Medical Leave Act ("FLMA"). Plaintiff's request for FMLA leave was ultimately approved by Defendant. However, on March 26, 2015, while on job-protected FMLA leave, Plaintiff received a letter from Defendant informing her that her employment was terminated, effective March 14, 2015. By its actions, Defendant both refused to provide leave to which Plaintiff was entitled under the FMLA, and retaliated against Plaintiff for engaging in protected activity under the FMLA. In addition, Plaintiff frequently worked in excess of 40 hours per week while employed by Defendant, but

1

Defendant did not pay Plaintiff one-and-one-half-times her regular rate of pay for all time worked in excess of 40 hours in each workweek. As such, Plaintiff seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Act Law ("MMWL").

## Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

3. The FMLA authorizes court actions by private parties to recover damages for violations of its provisions. Jurisdiction over Plaintiff's FMLA claims is based on 29 U.S.C. § 2915(a)(1) & (2), and 29 U.S.C. § 2917(a).

4. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL, R.S.Mo. § 290.500 *et seq.* R.S.Mo. § 290.527. Jurisdiction over Plaintiff's MMWL claim is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S.Mo. § 290.527.

5. Venue in this district is proper because Defendant does business in this district and employed Plaintiff to work in this district, and because substantial unlawful conduct giving rise to the claims set forth in the Complaint occurred in this district.

6. Plaintiff Vicki Teetor resides in Illinois, and previously worked at Defendant's location in St. Louis, Missouri from March 2005 to March 2015. Plaintiff's consent to join the FLSA action is attached hereto as Exhibit 1.

7. Defendant is registered to do business in the State of Missouri, and has at least one business location within this judicial district.

## General Allegations

8. Plaintiff began her employment with Defendant in March 2005.

9. During times relevant, Plaintiff worked for Defendant as a "Market Analyst."

10. Plaintiff suffers from chronic obstructive pulmonary disease ("COPD").

11. Plaintiff suffers from emphysema and asthma, and her right diaphragm is paralyzed.

12. In 2013, Plaintiff was hospitalized and missed five weeks of work due to her medical conditions.

13. In January 2015, Plaintiff developed bronchitis.

14. In January 2015, Plaintiff's toes turned black, and Plaintiff had difficulty breathing and standing.

15. In February 2015, on the advice of her healthcare providers, Plaintiff informed Defendant that she needed to take time off from work due to her serious health condition.

16. In February 2015, Plaintiff informed Defendant that her condition was getting worse and requested leave from work pursuant to the FMLA.

17. Plaintiff obtained FMLA paperwork from Defendant on or around February 12, 2015, and gave the FMLA paperwork to her doctor to be completed that same day.

18. Plaintiff completed all of the necessary paperwork in order for her FMLA leave to be certified/approved by Defendant.

19. Plaintiff's request for FMLA leave was approved by Defendant through Aon Hewitt Absence Management, LLC, (hereinafter "Aon Hewitt") which is the third-party administrator of Defendant's FMLA leave policy/program.

20. On March 26, 2015, while on leave, Plaintiff received a letter from Defendant informing her that her employment was terminated, effective March 14, 2015.

21. Plaintiff received a letter from Aon Hewitt dated April 7, 2015 stating that her FLMA leave of absence had been approved through April 21, 2015.

22. Due to the fact that Defendant terminated Plaintiff's employment effective March 14, 2015, Plaintiff was prevented from taking her approved FMLA leave through April 21, 2015.

23. Plaintiff routinely worked in excess of 40 hours per workweek while working for Defendant.

24. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

25. Plaintiff's job duties, responsibilities, and amount/method of compensation received while employed by Defendant met no overtime exemption under relevant state and federal law.

26. Defendant failed to keep consistent, accurate, and complete time records of the hours worked by Plaintiff.

27. Defendant had knowledge that Plaintiff worked more than 40 hours per workweek, yet Plaintiff was not paid one and one-half times her regular rate of pay for overtime hours.

28. Defendant willfully failed to pay Plaintiff overtime compensation, and Defendant thus enjoyed ill-gained profits at the expense of Plaintiff.

### COUNT I: FMLA INTERFERENCE

29. Plaintiff incorporates each and every preceding paragraph into this Count I as if fully set forth herein.

30. Plaintiff seeks to recover damages under the FMLA, which provides for the protection of persons who take family or medical leave.

31. Plaintiff is an "eligible employee" within the definition of the FMLA. At the time

of the conduct giving rise to her causes of action herein, Plaintiff had been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant during the previous 12-month period.

32. At the time of the conduct giving rise to the causes of action herein, Defendant qualified as an "employer" within the definition of the FMLA because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius of the location where Plaintiff worked.

33. Plaintiff was entitled to FMLA leave because Plaintiff had a serious health condition within the meaning of the FMLA.

34. Plaintiff gave Defendant notice of her intent to take leave from work due to her serious health condition.

35. Plaintiff's request for FMLA leave was approved by Defendant through Aon Hewitt.

36. Defendant refused to provide the leave to which Plaintiff was entitled under the FMLA, and instead terminated Plaintiff while she was on leave.

37. Defendant's behavior described herein was at all times taken not in good faith, and Plaintiff is therefore entitled to liquidated damages.

38. Plaintiff's FMLA-covered absence was a motivating factor in Defendant's decision to terminate Plaintiff's employment. .

39. As a direct and proximate result of being discharged in violation of the FMLA, Plaintiff has been damaged in the following ways:

    (a) she has lost and will lose wages, salary, and employment benefits, from her date of termination potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d) attorneys' fees, expert fees and costs.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in her favor and find that Defendant unlawfully interfered with her rights under the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees, and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

## COUNT II: FMLA RETALIATION

40. Plaintiff incorporates each and every preceding paragraph into this Count II as if fully set forth herein.

41. Plaintiff seeks to recover damages under the FMLA, which provides for the protection of persons who take family or medical leave.

42. Plaintiff is an "eligible employee" within the definition of the FMLA. At the time of the conduct giving rise to her causes of action herein, Plaintiff had been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant during the previous 12-month period.

43. At the time of the conduct giving rise to the causes of action herein, Defendant qualified as an "employer" within the definition of the FMLA because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius of the location where Plaintiff worked.

44. Plaintiff was entitled to FMLA leave because Plaintiff had a serious health condition within the meaning of the FMLA.

45. Plaintiff gave Defendant notice of her intent to take leave from work due to her serious health condition.

46. Plaintiff engaged in activity that was protected by the FMLA in seeking leave from work, and taking leave from work, in order to care for her serious health condition.

47. Defendant was aware of Plaintiff's exercise of her FMLA rights.

48. Defendant retaliated against Plaintiff for exercising her FMLA rights and engaging in activity that was protected by the FMLA by terminating Plaintiff's employment.

49. Defendant's behavior described herein was at all times taken not in good faith, and Plaintiff is therefore entitled to liquidated damages.

50. Plaintiff's FMLA-covered absence and/or her exercise of FMLA rights was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

51. As a direct and proximate result of being discharged in violation of the FMLA, Plaintiff has been damaged in the following ways:

    (a) she has lost and will lose wages, salary, and employment benefits, from her date of termination potentially up to the date of trial;

    (b) interest on the amount in subparagraph (a) above at the statutory rate;

    (c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

    (d) attorneys' fees, expert fees and costs.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in her favor and find that Defendant unlawfully terminated her in violation of the Family Medical Leave Act,

and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

## COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiff reasserts and re-alleges the allegations set forth above.

53. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

54. The FLSA regulates, among other things, the payment of overtime compensation to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce, and in working for Defendant, Plaintiff was engaged in interstate commerce. Further, Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

56. The FLSA exempts certain categories of employees from minimum wage and overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

57. Plaintiff was not paid overtime wages for time worked beyond 40 hours in each workweek, and accordingly, Defendant has violated the FLSA.

58. Plaintiff is entitled to damages for unpaid overtime worked within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew—or showed reckless disregard for whether—its conduct was prohibited by the FLSA.

59. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recovery an award of liquidated damages in an amount equal to the amount of unpaid wages permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to Plaintiff his overtime wages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs and expenses in this action.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) a declaration that Defendant violated the FLSA by not paying Plaintiff overtime wages; (2) unpaid overtime wages; (3) liquidated damages; (4) attorneys' fees, costs, and expenses; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

### COUNT IV:  VIOLATION OF THE MISSOURI MINIMUM WAGE LAW, § 290.500 *et seq.*, R.S.Mo.

61. Plaintiff reasserts and re-alleges the allegations set forth above.

62. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq.*

63. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein.

64. During all times relevant to this action, Defendant was the "employer" of Plaintiff

within the meaning of the MMWL.

65. During all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the MMWL.

66. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

67. Defendant violated the MMWL by refusing and failing to pay Plaintiff overtime wages required under the MMWL.

68. Plaintiff is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling, as well as liquidated damages.

69. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

70. Defendant is liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count IV of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**


/s/ Russell C. Riggan
Russell C. Riggan, #53060
Samuel W. Moore, #58526
132 W Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com