UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKI TEETOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:15CV1002 HEA |
| | ) |
| ROCK-TENN SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 54]. Plaintiff opposes the Motion and has submitted a written Memorandum. Defendant has filed its Reply. For the reasons set forth below, the Motion is denied.

**Facts and Background**

Plaintiff's Amended Complaint sets out the following allegations and claims:

Plaint worked for Defendant as a Market Analyst for ten years, from March, 2005 to March, 2015. Plaintiff's employment was terminated by Defendant.

Plaintiff suffers from chronic obstructive pulmonary disease, ("COPD"), asthma, and emphysema. Plaintiff's right diaphragm is paralyzed. In 2013, Plaintiff was hospitalized and she missed five weeks of work. She was absent

from work on several occasions in late 2014 and early 2015 due to her medical condition. Plaintiff alleges that these absences were covered by the Family and Medical Leave Act ("FMLA").

In January, 2015, Plaintiff's toes turned black, she had difficulty breathing and standing, and she developed bronchitis and pneumonia. On February 2, 2015, Plaintiff informed Defendant that she needed to take an extended leave of absence from work due to her medical condition. She requested leave from work pursuant to the FMLA.

In early February 2015, Plaintiff informed Defendant that she needed to take an extended leave of absence from work due to her serious medical condition and requested leave pursuant to the FMLA. This request was approved, however, on March 26, 2015, while on FMLA leave, Plaintiff received a letter informing her that her employment was terminated, effective March 14, 2015.

Plaintiff charges that Defendant refused to provide leave and retaliated against Plaintiff for engaging in protected activity under the FMLA.

Plaintiff also claims she routinely worked in excess of 40 hours per week for which Defendant did not pay time and a half for the excess. She claims Defendant failed to keep consistent, accurate, and complete time records of her hours.

Plaintiff filed a dual charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human

Rights ("MCHR") on June 25, 2015. The MCHR issued a "Right to Sue" letter on February 18, 2016. The EEOC issued its Right to Sue letter on March 1, 2016.

Plaintiff filed this action on June 25, 2015. Her Amended Complaint sets forth the following claims: Count I is brought under the FMLA for interference with Plaintiff's FMLA rights; Count II is a claim for FMLA retaliation. Plaintiff claims she was fired because she took FMLA leave; Count III is a claim for violations of the Fair Labor Standards Act; Count IV alleges a violation of the Missouri Minimum Wage Law; Count V and VI are brought for the alleged violations of the MHRA discrimination and for failure make reasonable accommodations for Plaintiff; and Count VII is brought under the provisions of the Americans with Disabilities Act.

## Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex,* 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson,* 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* at 249.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact.' " *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.' " *Id.* (quoting *Celotex*, 477 U.S. at 324). In order to survive a motion for summary judgment, "the nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy.'" *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733–34 (8th Cir. 2003)) (internal quotation marks omitted).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

No unique summary judgment standards apply to employment discrimination cases. *Torgerson*, 643 F.3d at 1042-43 (rejecting prior decisions that applied a "discrimination case exception" to the analysis of summary judgment motions).

Employment discrimination and retaliation, except in the rarest cases, are difficult to prove. Employers will neither admit discriminatory or retaliatory intent, nor leave a well-developed trail demonstrating it. *See, e.g., Riordan v. Kempiners*, 831 F.2d 690, 697–98 (7th Cir. 1987).  Because adverse employment actions almost always involve a high degree of discretion, and most plaintiffs in employment discrimination and retaliation cases are at will, it is a simple task for employers to concoct plausible reasons for virtually any adverse employment action ranging from failure to hire to discharge. On the other hand, it is also relatively easy for disgruntled former employees to claim a protected basis under federal and state anti-discrimination laws as a reason for their discharge when in fact they played no part. This is true even when the former employee and/or their counsel believe they did. This is what makes deciding these issues on a paper record daunting. *Pick v. City of Remsen,* No. C13-4041, 2014 WL 4258738, at *12

6

(N.D. Iowa Aug. 27, 2014). While the task can indeed be daunting in an employment discrimination case, "the focus of inquiry at the summary judgment stage 'always remains on the ultimate question of law: whether the evidence is sufficient to create a genuine issue of fact as to whether the employer intentionally discriminated against the plaintiff because of [the protected characteristic].'" *Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1018 (8th Cir. 2005) (quoting *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1336-37 (8th Cir. 1996)).

## Discussion

**FMLA**

The FMLA entitles eligible employees to twelve work weeks of leave per year for specified reasons. 29 U.S.C. § 2612(a)(1); *Hasenwinkel v. Mosaic,* 809 F.3d 427, 431-32 (8th Cir. 2015); *Massey-Diez v. University of Iowa Cmty. Med. Servs., Inc.*, No. 15-2924, 2016 WL 3514019, at *5 (8th Cir. June 27, 2016). Two subsections of the statute establish prohibited acts: "Section 2615(a)(1) 'makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" rights provided under the FMLA,' and section 2615(a)(2) 'makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA.' " *Brown v. Diversified Distrib. Sys.*, LLC, 801 F.3d 901, 907 (8th Cir. 2015) (quoting *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005

7

(8th Cir. 2012)). In the Eighth Circuit, courts "'recognize[ ] three types of claims arising under these two subsections'—entitlement [also known as interference], discrimination, and retaliation claims." *Brown,* 801 F.3d at 907.

"An entitlement claim arises under § 2615(a)(1) when 'an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act.'" *Id.* (quoting *Pulczinski*, 691 F.3d at 1005). In an entitlement claim, previously called an interference claim, an employee must show only that he or she was entitled to the benefit denied. *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517–18 (8th Cir. 2015).

"Discrimination claims arise under § 2615(a)(1) 'when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA.'" *Brown*, 801 F.3d at 908 (quoting *Pulczinski*, 691 F.3d at 1006); *accord* 29 C.F.R. § 825.220(c) ("The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee ... for having exercised ... FMLA rights."); *Massey-Diez,* 826 F.3d 1149, 1157 (8th Cir. 2016). FMLA discrimination claims are considered "under the *McDonnell Douglas* burden-shifting framework that is applied in Title VII cases." *Brown*, 801 F.3d at 908 (quoting *Pulczinski*, 691 F.3d at 1007). To establish a prima facie case of FMLA discrimination, an employee must show: (1) that he engaged in activity protected under the Act, (2) that he suffered a materially

8

adverse employment action, and (3) that a causal connection existed between the employee's action and the adverse employment action. *Brown*, 801 F.3d at 908.

"A retaliation claim arises under § 2615(a)(2) if an employer takes 'adverse action' against an employee who 'opposes any practice made unlawful under the FMLA—for example, if an employee complains about an employer's refusal to comply with the statutory mandate to permit FMLA leave.'" *Id.* at 909 (quoting *Pulczinski*, 691 F.3d at 1005–06). More than a temporal proximity between protected activity and termination is generally required to present a genuine issue of fact for trial. *See Malloy v. United States Postal Serv.*, 756 F.3d 1088, 1091 (8th Cir. 2014).

"[A] plaintiff proceeding under the FMLA must show actual monetary loss to recover." *Hasenwinkel,* 809 F.3d at 434. The FMLA "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *see also McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1002 (8th Cir. 2005). The FMLA limits damages to actual monetary loss sustained as a direct result of the violation and for appropriate equitable relieve including employment, reinstatement and promotion. *Ragsdale*, 535 U.S. at 96. A "cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (2003). Technical

9

violations of the FMLA are not actionable unless they harm the employee. *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 521 (8th Cir. 2015). If an employer does not timely designate leave as FMLA leave, "the employer may retroactively designate leave as FMLA leave with appropriate notice to the employee ... as required by § 825.300 provided that the employer's failure to timely designate leave does not cause harm or injury to the employee." 29 C.F.R. § 825.301.

In order to benefit from the protections of the statute, an employee must provide his employer with enough information to show that he or she may need FMLA leave. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Employees "have an 'affirmative duty to indicate both the need and the reason for the leave,' and must let employers know when they anticipate returning to their position." *Id.* at 990–91 (quoting *Sanders v. May Dep't Stores Co.*, 315 F.3d 940, 944 (8th Cir. 2003)). Therefore, "the employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave." *Thorson v. Gemini, Inc.*, 205 F.3d 370, 381 (8th Cir. 2000), 205 F.3d at 381 (quoting *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir. 1999)).

Termination is unequivocally an adverse employment action. *Hasenwinkel,* 809 F.3d at 433 (8th Cir. 2015). "But termination is actionable under FMLA only if the employee was discharged because of her FMLA leave." *Id.*

10

**Entitlement**

Defendant argues that it is entitled to summary judgment on Plaintiff's entitlement claim. Defendant contends that it discharged Plaintiff for performance based reasons entirely unrelated to her leave. Interestingly, however, Plaintiff was discharged before the expiration of the Performance Improvement Plan. Giving Plaintiff the benefit of reasonable inferences which can be drawn, a factual issue exists with regard to the articulated reason for Plaintiff's discharge *vis a vis* Plaintiff's exercise of her FMLA rights.

Although Defendant argues that the decision to discharge Plaintiff occurred before she invoked her FMLA leave, the record does contain Plaintiff's request for leave in January, prior to the decision. Pointedly, as Defendant argues, Plaintiff did not specifically seek FMLA leave for her absences in January, however, giving Plaintiff the benefit of the inferences that may be drawn, it is possible that Plaintiff gave Defendant enough information to believe it constituted FMLA leave, as is required under the FMLA. As such, issues of fact remain precluding summary judgment.

Furthermore, the parties disagree as to whether Plaintiff was able to return to work. Although Defendant argues Plaintiff was unable to return to work, Plaintiff contends that physical presence in the office was not an essential function of her position.

**Discrimination**

The above analysis is equally applicable to Plaintiff's FMLA retaliation/discrimination claim. The timing of the decision to terminate Plaintiff's employment in relation to Plaintiff's exercise of her FMLA rights remains a factual question to be determined by the trier of fact.

Plaintiff points to various indications that may support her claim that she was discharged from her employment because of the exercise of FMLA rights. Whether she can prove such facts remains for trial, however, Plaintiff has presented evidence in the record to establish genuine disputes as to material facts.

**ADA and MHRA**

Plaintiff argues that her employment was terminated due to her disability. Defendant argues that Plaintiff was discharged for a legitimate, non-discriminatory reason; namely poor performance and the inability to perform the essential functions of her job

Under the ADA, a plaintiff can demonstrate discrimination with direct evidence or by raising an inference of discrimination through the *McDonnell Douglas*[4] burden-shifting framework. *See St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012). Because Plaintiff does not claim to have direct evidence of discrimination, the Court analyzes her ADA disability discrimination claim under the *McDonnell Douglas* framework. The first step is to consider

whether she has established a prima facie case of discrimination. *See Olsen v. Capital Region Med. Center*, 713 F.3d 1149, 1153 (8th Cir. 2013). To establish a prima facie case, the plaintiff must show she (1) had a disability within the meaning of the relevant statute, (2) was qualified to perform the essential functions of her job with or without reasonable accommodation and (3) suffered an adverse employment action because of her disability. *Hansen v. Seabee, Corp.*, 688 N.W.2d 234, 238 (Iowa 2004) (analyzing ADA claim and citing *Kincaid v. City of Omaha*, 378 F.3d 799, 804 (8th Cir. 2004)).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for discharge. *St. Martin*, 680 F.3d at 1033. If the employer advances such a nondiscriminatory reason, the presumption of discrimination disappears and the plaintiff bears the burden of demonstrating that the employer's proffered reason is merely a pretext for intentional discrimination. *Id.*

Genuine disputes are contained in the record. Defendant argues that Plaintiff cannot perform the essential functions of her job because she is unable to work at Defendant's office. Plaintiff asserts that a reasonable accommodation is allowing her to work from home, an aspect of her job that she previously utilized. Plaintiff argues Defendant did not even consider the accommodation, whereas Defendant argues that it is not a reasonable because it contends the employees

13

must be physically present, in spite of previous tele-working. Whether Defendant's position is grounded in legitimate business rationale remains a question of fact.

"To succeed on a disability-discrimination claim under the ADA, a claimant must show that he was a 'qualified individual' who suffered 'discrimination' that was based on a 'disability' as each of those terms is defined by the Act." *Morriss v. BNSF Ry. Co.*, ___ F.3d ____, No. 14-3858, 2016 WL 1319407, at *2 (8th Cir. Apr. 5, 2016) (citing *Brown v. City of Jacksonville*, 711 F.3d 883, 888 (8th Cir. 2013)). A qualified individual under the ADA is an employee who must "(1) possess the requisite skill, education, experience, and training for [the] position, and (2) be able to perform the essential job functions, with or without reasonable accommodation." *Scruggs v. Pulaski County, Ark.*, 817 F.3d 1087, 1092 (8th Cir. 2016) (citing *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (quotation omitted)) Essential job functions are those considered fundamental to the position. *Id.* The Eighth Circuit Court of Appeals has explained:

> A job function may be essential if the reason the position exists is to perform that function, or if a limited number of employees are available among whom the performance of the job function can be distributed. In determining whether a job function is essential, we consider evidence including what functions the employer thinks are essential, written job descriptions, how much time an employee spends on the job performing the function, the consequences of not having the employee perform the function, and whether other current employees in similar jobs perform the function.

*Id.* (citations omitted).  Whether Plaintiff's presence falls within an "essential job function remains a question of fact.  Likewise, whether telecommuting could serve as a "reasonable accommodation" in light of Plaintiff's previous telecommuting is also a question for the jury.

**MHRA**

Similar to the above analysis, whether Defendant satisfied its obligation under the MHRA to accommodate Plaintiff's disability is a question that remains to be determined.  The fact that Plaintiff applied for disability benefits is not dispositive at this point.  See *Daffron v. McDonnell Douglas Corp*., 874 S.W>2d 482, 486 (Mo.App. E.D. 1994).

**FLSA and MMWL**

Defendant and Plaintiff differ as to the nature of Plaintiff's position as it relates to the administrative exemption under the FLSA (and the MMWL). Whether Plaintiff's job entailed elements of discretion and independent judgment to fall within the exemption remains a matter to be determined at trial

## Conclusion

The Court has discussed herein various issues of disputed fact. Such facts must be determined by the trier of fact, *i.e.*, the jury at trial.  The discussion by no means includes all of the factual disputes to be resolved based on the record before the Court.  Based on this record, the Court concludes summary judgment is not

appropriate. Any perceived discrepancies between Plaintiff's positions throughout the events herein go to Plaintiff's credibility and remain open to challenge at trial through cross examination.

　　　　Dated this 2nd day of October, 2017.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE